EXPARTE APPLICATION

PURSUANT TO 18 U.S.C. 3006A

10/6/2025

JAMES M. MENDEZ

BK. 222604/4E-5

P.O. BOX. 22003

SANTA ANA, CA. 92702

PRO PER DEFENDANT



FILED
CLERK, U.S. DISTRICT COURT

Oct 15, 2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____pd_____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    PLAINTIFF,

v.

JAMES M. MENDEZ,

    DEFENDANT.

CASE NO. 8: 22-CR-00034-FWS -17

EXPARTE APPLICATION FOR THE

APPOINTMENT OF STANDBY COUNSEL

TO ASSIST PRO SE DEFENDANT

PURSUANT TO 18 U.S.C. 3006A AND

GUIDE TO JUDICIARY POLICY

TO: The United States District Court Central District of California, the Honorable Judge Fred W. Slaughter.

NOW COMES: Defendant James Mendez in Pro Se to respectfully move this Honorable Court for an ORDER appointing David Zugman to serve as Pro Se Defendant's standby counsel to assist Defendant in the investigation, research and preparation of Defendants New Trial Motions.

In support of this application, Pro Se Defendant states as follows:

## I. FACTUAL BACKGROUND:

1.  Pro Se Defendant is in need of the active assistance of a standby counsel to assist him in the investigation, research and preparation of a complex motion for a New Trial.
2.  Pro Se Defendant believes the following grounds exist for a New Trial: (1). Violation of Brady v. Maryland due to the Government's failure to disclose exculpatory evidence; (2). Violation of Napue v. Illinios due to the Government presenting False/perjured testimony via star witness Omar Mejia, with a tendency to lie under oath; and, (3). Violation of Strickland v. Washington due to Pro Se Defendant receiving flagrant misrepresentations and ineffective assistance of counsel.
3.  Pro Se Defendant is unable to effectively raise these grounds for relief on his own due to his confinement and lack of resources. For example, in order to effectively raise the above three grounds, Pro Se Defendant must investigate and interview both civilian *and* incarcerated witnesses. Pro Se Defendant is without an investigator (not from the lack of trying), and even if he had an investigator, he still wouldn't be able to interview incarcerated witnesses. A standby counsel would solve this problem. Additionally the jail does not have a "paging system" to check out legal materials, such as printed case law, which Defendant needs in order to legally research his claims. Nor does the jail have any law books, such as the federal rules of evidence and/or the rules of federal criminal procedures or Moore's Federal Practice. A standby counsel would be able to access and print requested case law and/or the table of contents of law books so Pro Se Defendant may choose particular chapters to have standby counsel print for him. These are just a couple examples of how a standby counsel can be of substantive assistance to Pro Se Defendant.
4.  Without the help of a standby counsel, Pro Se Defendant will be denied meaningful and adequate self-representation in violation of the Fifth and Sixth Amendments and 18 U.S.C. 3006A.

## II. ARGUMENT:

### A. Applicable Law.

Court's may appoint a "standby counsel to aid the accused if and when the accused requests help". (Faretta v. California, 422 U.S. 806, 834 (1975)). While there is no constitutional right to the appointment of standby counsel, it is "strongly preferred". (United States v. Moreland, 622 F.3d 1147, 1155 (9th Cir. 2010).

### B. As A Matter of Policy, Standby Counsel Must Be Appointed Where A Pro Se Defendant Agrees To Be Represented, IN Part, By Standby Counsel.

A Court "may find it necessary to appoint `standby counsel` to be available to assist a pro se defendant in that defendants defense and also to protect the integrity and ensure the continuity of the judicial proceedings". (See, Guide to Judiciary Policy, Vol. 7A, Ch. 2, Section 220.55.10(b) [citing McKaskle v. Wiggins, 465 U.S. 168 (1984)]). Indeed, the appointment of standby counsel may be made under the CJA where "representation is actually rendered by counsel". (Id. 220.55.20(b) [Standby Counsel Services Accepted by a Pro Se Defendant]). Therefore, if a pro se defendant "agrees to be represented, at least in part, by standby counsel, compensation may be under the CJA". (Id. 220.55.20(b)).

C. Defendant Agrees to be Represented, in part, by Attorney David Zugman In the Role of Standby Counsel.

Pro Se Defendant James Mendez agrees to be represented in part by David Zugman in the role of Defendants Standby Counsel. In light of this undisputed fact, Standby Counsel is warranted and Pro Se Defendants request should be GRANTED as a matter of law and in the interest of Justice.

III. CONCLUSSION:

For all the foregoing reasons, this Court must GRANT Pro Se Defendants EXPARTE Application and appoint David Zugman to serve an Defendants Standby Counsel.

Respectfully Submitted,

James M. Mendez PRO SE DEFENDANT

DECLARATION OF JAMES M. MENDEZ DOES NOW DECLARE TO THE FOLLOWING AGREEMENT BETWEEN DAVID ZUGMAN AND MYSELF.

On or about the 1st of October, I the above did engage in conversation with David regarding the possible appointment as standby counsel. I was informed by David that he could not intervene in this application to the Court, but that he did respect my approach and was open to the appointment, assuming the Court found CAUSE for the requested appointment.

DEFENDANT JAMES M. MENDEZ DOES SWEAR UNDER THE PENALTY OF PURJURY TO THE FOREGOING TO THE BEST OF MY RECOLECTION.

RESPECTFULLY,

JAMES M. MENDEZ

PRO SE DEFENDANT

10/6/2025

James M Mendez
Bk# 2726011/4E·5
P.O. Box. 22003
Santa Ana, CA. 92702
Pro Se Defendant

Legal Mail

LEGAL MAIL

Santa Ana Jail
Inmate Correspondence

RECEIVED
CLERK, U.S. DISTRICT COURT
OCT 1 5 2025
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION
BY DEPUTY

pmc.

Ronald Reagan Fed/Court
100. Clerk of the Court; Mr. Rolls
411 West 4th Street # 1053
Santa Ana, CA. 92701·4516

LEGAL MAIL

Legal Mail

$43625